CUNNINGHAM, J.,
DISSENTING:.
I respectfully dissent.
• The majority presents an overly restrictive requirement that all defamation plaintiffs must satisfy in-order to receive the most basic discovery information—the identities of the alleged defamers. More precisely, I respectfully submit that the majority’s rigid interpretation of the element of falsity is misguided. In so holding, the majority fails to address all of the arguments raised by the anonymous defendants and also fails to address each necés- *756 sary element of defamation. Because our culture is becoming increasingly saturated by malicious memes and other online chatter, this case presents a novel claim that is likely to have a great impact on the citizens of our Commonwealth. Therefore, a further discussion of all relevant issues is appropriate.
The Prima Facie Elements of Defamation in Anonymous Speech Cases
“[T]he requisite elements for a defamation claim are: (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.” Toler v. Sud-Chemie, Inc., 458 S.W.3d 276, 281-82 (Ky.2015) (citations omitted).
The first element requires that the communication be a false and defamatory statement concerning another. As to the latter component of this element, the communication must concern the plaintiff. See Columbia Sussex Corp., Inc. v. Hay, 627 S.W.2d 270, 273 (Ky.App.1981). The internet posts at issue here are clearly about Hickman.
A written statement is defamatory if it tends to “(1) bring a person into public hatred, contempt or ridicule; (2) cause him to be shunned or avoided; or (3) injure him in his business or occupation.” McCall v. Courier-Journal and Louisville Times Co., 623 S.W.2d 882, 884 (Ky.1981). Having reviewed all the internet posts, we agree with the trial court, the Court of Appeals and the majority that these communications tend to bring, a person into public contempt and would tend to injure a person in their occupation.
However, Appellants argue that the anonymous statements are not actionable because they constitute opinions. See Yancey v. Hamilton, 786 S.W.2d 854, 857 (Ky.1989). Although neglected by the majority, this defense to defamation is relevant at the prima facie stage of litigation.
Protected opinion statements are classified as either “pure” or “mixed” opinions. Id. At its foundation, the opinion doctrine depends on what, if any, undisclosed facts were known to either the declarant or the recipient. Id. Furthermore, “[e]ven if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact.” Milkovich v. Lorain Journal Co., 497 U.S. 1, 18-19, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990) (emphasis added). This information is out of Hickman’s control.
"Requiring Hickman to prove that the statements are actionable non-opinion communications would require him to prove a negative, and to do so without the benefit of discovery. Therefore, this is not an element of Hickman’s prima facie case. Doe v. Coleman, 436 S.W.3d 207, 211-12 (Ky.App.2014) (citing Cahill, 884 A.2d at 464); see also David A. Elder, Defamation: A Lawyer’s Guide, at § 8.17 (2003) (suggesting that “only the ‘clearest cases’ should be deemed nonactionable as matter of law ....”) (citation omitted).
Where I part ways with the majority is on the issue of falsity. Appellants and the majority contest the sufficiency of Hickman’s allegations. However, in addition to the allegations pled in the Complaint, Hickman has also submitted an affidavit asserting falsity. See Cahill, 884 A.2d at 464 (In order to demonstrate a prima facie case for falsity, “the plaintiff can offer his own factually based averment that the statements are false.”). Contrary to the majority’s determination, falsity need not be pled with particularity. And although supporting declarations or attestations of *757 falsity are certainly beneficial, such evidence should not be required to establish- a prima facie case for defamation. Therefore, Hickman has presented sufficient evidence to establish a prima facie case that the communications are false.

Remaining Elements

Appellants do not assert that the communications are privileged nor do they deny that the statements were published to a third party. We address this element only to reiterate that publication is a critical component of a prima facie case for defamation. Privilege, however, is not. Like opinion evidence, evidence bearing on the issue of privilege is out of the plaintiffs control in cases involving anonymous defendants. We will next address the element of “fault.”
The Court of Appeals correctly observed that Hickman need not prove fault as an element of his prima facie case because it was out of his control. Coleman, 436 S.W.3d at 211-12 (citing Cahill, 884 A.2d at 464). Similar to the opinion and privilege issues previously discussed, a plaintiff cannot be required to establish evidence of constitutional actual malice without first engaging in discovery. Clearly, that necessitates knowledge of the defendant’s identity. We draw additional attention to this “fault” element only to clarify that the level of fault depends on a plaintiffs status as a public or private figure. See New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) (applying actual malice standard in cases involving public officials); Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967) (applying actual malice standard in eases involving public figures); Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974) (requiring states to adopt a standard of fault in cases involving private plaintiffs).
Kentucky has adopted the simple negligence standard of fault in cases involving private plaintiffs. McCall, 623 S.W.2d at 886. In any event, proof of actual malice or negligence necessitates knowledge of the defendant’s identity; Therefore, plaintiffs in anonymous speech cases need not prove fault as an element of their prima facie case.
The final element of defamation involves “special harm.” As we stated in Toler, “[i]f a communication can be labeled per se defamatory, ‘recovery is permitted without proof of special damages because injury to reputation is presumed and the words are actionable on their face.’ ” 458 S.W.3d. at 282 (citations omitted). “One example of this per se classification is a communication involving false allegations of unfitness to perform a job ...,” Id. The anonymous internet posts in the present case indicate that Hickman was unfit to perform his job as chair of the Pike County Airport Board of Directors. Several of the posts also imply criminality. 50 Am. Jur. 2d Libel and Slander § 162 (2015). As such, these communications are actionable per se and, therefore, do not require proof of “special harm” under the common law.
However, “[although special damages need not be proved if the communication is actionable per se, the Constitution is now held by the Supreme Court to require proof of ‘actual injury to the plaintiff, at least if the defendant did not have knowledge of the falsity of the statement or act in reckless disregard as to its truth. ” Restatement (Second) of Torts § 569 comment c (2015) (emphasis added); see also id. at § 621. In the present case, Hickman is a public official and/or public figure and therefore must eventually prove actual malice in order to prevail, i.e. knowledge of falsity or reckless disregard for the truth. As such, he need not prove actual injury. See T. Michael Mather, Experience with Gertz ‘Actual Injury’ in Defamation Cases, 38 Baylor L. Rev. 917, 924 (1986) (“Public *758 figures had to prove actual malice, but could then recover traditional presumed and punitive damages. Private plaintiffs had only to prove fault, not actual malice, but were limited in recovery to ‘actual injury’ if they did not prove actual malice.”) (citation omitted). See also Walker v. Kiousis, 93 Cal.App.4th 1432, 114 Cal.Rptr.2d 69, 78 (2001) (citing 2 Dobbs, The Law of Torts (2001) § 417, p. 1169 [“where public official proves actual malice, New York Times rule ‘does not require proof of actual harm to reputation.’ ”], fn. omitted.). In short, “actual injury” is not an element of Hickman’s prima facie case.
In First Amendment cases involving private plaintiffs and anonymous defendants, the “actual injury” prima facie requirement may be satisfied by evidence demonstrating economic, emotional, or reputa-tional damage. Gertz, 418 U.S. at 349-50, 94 S.Ct. 2997. See also Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc., 472 U.S. 749, 105 S.Ct. 2939, 86 L.Ed.2d 593 (1985) (holding that the First Amendment does not require showing of actual malice for recovery of presumed and punitive damages for false statements about private figures involving matters of-purely private concern).
In anonymous defamation cases involving public officials, the combination of the common law and the U.S. Supreme Court’s First Amendment jurisprudence provides multiple barriers that plaintiffs must traverse in order to obtain relief. At the pre-discovery stage of litigation, the trial court must balance the anonymous free speech rights against the strength of the prima facie case presented. Dendrite Int’l, Inc. v. Doe No. 3, 342 N.J.Super. 134, 775 A.2d 756, 761-62 (Ct.App.Div.2001). This is a significant hurdle that is absent from non-anonymous defamation cases. And despite the majority’s speculation on the matter, balancing these interests is an issue for the trial court.
However, the majority holds that trial courts need not balance these interests if a plaintiff, during the pre-discovery stage of litigation, has failed to argue their case for falsity with mathematical precision fortified by an abundance of evidence. Such a requirement imposes an undue burden on Hickman as well as all other defamation plaintiffs.
In addition, public plaintiffs must eventually : prove actual malice by clear and convincing evidence, which is a difficult burden to satisfy. Even private figure plaintiffs must at least demonstrate actual injury. Therefore, the majority’s requirement that all defamation plaintiffs in anonymous speech cases must also prove falsity at the pre-discovery stage of litigation imposes yet another barrier to recovery. And for what purpose?
The general absence of defamation cases from'court dockets is not-a result of an absence of defamation in our society. Much o'f what is said about public officials is probably defamatory. One need not look any further than the 2016 presidential campaign as a prime example. And since Milkovich has essentially abrogated the opinion doctrine, much of what might not have been actionable in the past, may now present a colorable claim.
It is, however, critical to note that the facial evidence presented by Hickman may not be sufficient to overcome subsequent dispositive motions .or to establish his proof at trial. Applying a true prima facie standard, however, Hickman should prevail on the narrow issue before this Court as to the identity of John Doe. Therefore, I dissent.
Wright, J., joins.